# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND<br>103 Oronoco Street<br>Alexandria, VA 22314<br><br>Plaintiffs,<br><br>v.<br><br>CARL E. JOHNSON PLUMBING & HEATING, INC.<br>12724 160TH Street<br>Milaca, MN 56353<br><br>Serve:<br>Terrance C. Johnson, President & CEO<br>Carl E. Johnson Plumbing & Heating, Inc.<br>12724 160th Street<br>Milaca, MN 56353<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUND
AND TO ENJOIN VIOLATIONS OF THE TERMS OF AN
EMPLOYEE BENEFIT PLAN)

PARTIES

1.     Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective

Bargaining Agreement between United Association Local Union No. 15 and the Defendant.  The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

      2.     Defendant Carl E. Johnson Plumbing & Heating, Inc. is a Minnesota corporation existing under the laws of the State of Minnesota with an office located in Milaca, Minnesota.  Defendant transacts business in the State of Minnesota as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

JURISDICTION

      3.     This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of LMRA, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and labor organizations representing employees in an industry affecting commerce, an action to collect contributions due to an employee benefit plan under the terms of the Collective Bargaining Agreement, and an action to enjoin the violation of the terms of an employee benefit plan.

COUNT I

      4.     Defendant is a member of the Minnesota Mechanical Contractors Association and U.A. Plumbers Local 15 and thereby bound to the Collective Bargaining Agreement with United Association Local Union No. 15 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant.

5.      Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

6.      Defendant employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

7.      Defendant has failed to make contributions due to the National Pension Fund for work performed at Defendant's request for the months of May 2018 through March 2019 on behalf of members in Local 15's jurisdiction.

8.      Defendant has failed to make contributions to the National Pension Fund in the amount of at least $17,690.20 for the months of May 2018 through February 2019 pursuant to reports submitted by Defendant.

9.      Defendant has failed to submit reports and pay contributions to the National Pension Fund for the month of March 2019; the amount of contributions owed for these months is past due but unknown because of Defendant's failure to submit reports identifying hours worked and amounts owed.

10.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to pay these contributions owed to the National Pension Fund.

11.     Defendant is bound to the Restated Agreement and Declaration of Trust.

12.     Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust establishing the National Pension Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer has failed to pay the amounts due when such amounts become due and payable, that Employer shall be

> considered delinquent.   The Trustees may assess liquidated
> damaged against any delinquent employer in the amount of 10% of
> the amount due if payment is not received by the due date. . . .

13.     Pursuant to this provision, Defendant is obligated to the National Pension Fund in the amount of at least $1,769.02 in liquidated damages for late payments for the months of May 2018 through February 2019.  Additional liquidated damages are due on unreported and unpaid contributions for the month of March 2019.

14.     Interest is owed on all delinquent contributions for the months of May 2018 through March 2019 and will continue to accrue at the rate of 12% per annum from the date due through the date of payment on all delinquent contributions.

WHEREFORE, in Count I Plaintiff Fund prays for judgment as follows:

A.     For unpaid contributions due and owing to the Plaintiffs for the period of May 2018 through February 2019 in the amount of at least $17,690.20; plus unpaid contributions for the month of March 2019 in an amount currently unknown due to Defendant's failure to timely submit reports identifying the amount owed;

B.     For liquidated damages and interest owed on all unpaid and late paid contributions from the date due through the date of payment.

C.     For contributions to the National Pension Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

D.     For costs and attorneys' fees pursuant to the Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961

E.     For such further relief as the Court may deem appropriate.

## COUNT II

15.     This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145.  This is an action to enjoin violations of the terms of employee benefit plans.

16.     Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 14.

17.     Defendant, pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund, agreed to make timely contributions to the National Pension Fund in the amounts and on the dates required by its Collective Bargaining Agreement with United Association Local Union No. 15 in order to maintain the plan of benefits provided through the National Pension Fund.

18.     Defendant has repeatedly failed to submit timely reports or contributions to the National Pension Fund in violation of the requirements of the aforementioned Restated Agreement and Declaration of Trust of the National Pension Fund.

WHEREFORE, in Count II Plaintiff Fund prays for judgment as follows:

A.     For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff Fund.

B.     For such further relief as the Court may deem appropriate.

Respectfully submitted,

Date: May 3, 2019                     By: _____/s/_____
                                          John R. Harney, Bar No. 41520
                                          Counsel for Plaintiff Funds
                                          O'Donoghue & O'Donoghue LLP
                                          5301 Wisconsin Ave., NW, Suite 800
                                          Washington, DC 20015
                                          Telephone No.:  (202)362-0041
                                          Facsimile No.:   (202)362-2640
                                          jharney@odonoghuelaw.com


                                      By: ____/s/_____
                                          Rebecca Richardson, Bar No. 80855
                                          Counsel for Plaintiff Funds
                                          O'Donoghue & O'Donoghue LLP
                                          5301 Wisconsin Ave., NW, Suite 800
                                          Washington, DC 20015
                                          Telephone No.:(202)362-0041
                                          Facsimile No.:(202)362-2640
                                          rrichardson@odonoghuelaw.com

325381_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 3rd day of May, 2019 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC 20224
>
> Attention:  Employee Plans
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>          Plan Benefits Security

```
___/s/_____
```
John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20016
Telephone No.: (202)362-0041
Facsimile No.: (202)362-2640
jharney@odonoghuelaw.com

325381_1